## IN THE CIRCUIT COURT OF LIVINGSTON COUNTY, MISSOURI
### DIVISION    I

STATE OF MISSOURI
COUNTY OF LIVINGSTON

STATE OF MISSOURI                                    Plaintiff

    Vs.                                              No. 20LV-CR00561

STEPHANIE DIANE BYRD                                 Defendant.

### AMENDED COMMITMENT

STATE OF MISSOURI
GREETINGS:
    TO THE SHERIFF OF LIVINGSTON COUNTY, MISSOURI:

    **WHEREAS**, the above defendant **Stephanie Diane Byrd** has heretofore been charged in the offense of **RESISTING ARREST/DETENTION/STOP BY FLEEING- CREATING A SUBSTANTIAL RISK OF SERIOUS INJURY/DEATH TO ANY PERSON- CLASS A MISDEMEANOR.**

    **WHEREAS**, on October 15, 2025 Hearing Held. Defendant SENTENCED TO 30 DAYS IN JAIL CREDIT FOR TIME SERVED.

    **WITNESS THE HONORABLE Michael R Leamer**, Judge of the Circuit Court at his office in Livingston County, Missouri on October 17, 2025.

_Michael R. Leamer_
Judge

COURT SEAL OF

LIVINGSTON COUNTY

RECEIVED

OCT 2 0 2025

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHANIE BYRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-415-RHH |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

This matter is before the Court on the pending motions of self-represented Plaintiff Stephanie Byrd ("Plaintiff" or "Byrd") and of Defendant United States Postal Service ("Defendant" or "USPS").

### Procedural Background

On February 13, 2025, Plaintiff Byrd initiated this lawsuit *pro se* against Defendant USPS in the Circuit Court of the City of St. Louis. (ECF No. 3.) On March 31, 2025, Defendant removed this matter to federal court pursuant to 28 U.S.C. § 1442(a)(1). (ECF No. 1.) On April 30, 2025, Defendant filed a Motion to Dismiss or, in the alternative, Motion for More Definite Statement. (ECF Nos. 8, 9.) On May 7, 2025, Byrd filed a document titled "Response to Notice of Removal/Evidence" that states Byrd objects to the motion to dismiss. (ECF No. 10.) Plaintiff attached several documents to her response. (ECF No. 10-1.) On May 12, 2025, Defendant filed a reply to Byrd's response. (ECF No. 11.)

There have been several additional filings and motions since the briefing of Defendant's motion to dismiss. The undersigned addresses these filings below.

**Plaintiff's Motions and Filings**

On May 16, 2025, Byrd submitted five additional filings. (ECF Nos. 13-17.) Each of the filings has the same first page titled "Response to Notice of Removal/Evidence/Response," which is similar to the first page of Plaintiff's opposition to Defendant's motion to dismiss. (*Compare* ECF No. 10, p. 1 *with* ECF Nos. 13-17, p. 1.) The remainder of each filing includes various pages that include USPS records, correspondence between Byrd and others, and more.

On May 19, 2025, Byrd filed a "Motion to Exceed 15 Page Limit for Evidence." (ECF No. 12.) In support thereof, Byrd states she is asking for permission to exceed the page limit due to the amount of evidence that has been brought forward. (ECF No. 12.) She attaches 32 pages of documents to the motion, most of which appear to be USPS records. (ECF No. 12-1.)

The Court has not closely reviewed each page of the records in Byrd's aforementioned filings because Byrd's pleadings do not identify the relevance of the attachments. To the extent Byrd wants the Court to construe these filings as sur-replies in opposition to Defendant's motion to dismiss, the request is denied because Byrd has not sought leave of Court and therefore the filings are procedurally improper. *See* E.D. Mo. Local Rule 4.01(C) ("... the moving party may file a reply memorandum. Additional memoranda may be filed by either party only with leave of Court."). Additionally, the Court is under no obligation to scour Byrd's attachments to determine their relevance and construct an argument for Byrd. Therefore, because they are procedurally improper, the Court will strike Byrd's filings at ECF Nos. 13-17. *See, e.g., Hall v. Bilskey*, No. 4:19-CV-00008 JCH, 2020 WL 6868253, at *3 (E.D. Mo. Nov. 23, 2020) (striking *pro se* plaintiff's supplements from the record as procedurally improper and untimely such that the Court declined to consider the information in ruling on the pending motion for summary judgment).

The Court is similarly unaware of the purpose of Byrd's motion to exceed 15 page limit

2

for evidence. To the extent Byrd is referring to the 15-page briefing limit in the Court's Local Rules, Byrd misunderstands the rule. Local Rule 4.01(D) states that "[n]o party shall file a motion, memorandum or brief which exceeds fifteen [] pages" without leave of Court. This rule is not applicable to Byrd's motion because Byrd does not seek leave to file a motion, memorandum, or brief. *See* L. R. 4.01(D). Here, Byrd attempts to file more than 15 pages of documents she purports to be evidence. Byrd has not identified the relevance of the documents. To the extent she believes they will support her claim, she should disclose them directly to the Defendant during discovery, not file them with the Court with no further explanation or specific request for relief. Therefore, because Byrd has not explained why these documents should be considered by the Court at this time, Byrd's motion to exceed 15 page limit for evidence is denied, and these documents will not be considered by the Court.

Byrd's most recent filing was submitted on July 24, 2025, and is titled "Motion to Expedite an Official Court Date." (ECF No. 20.) In the motion, Byrd states:

> [T]his case is just sitting and should be expedited due to the fact that most of the staff has played so many games with communicating thoroughly and professionally. This has been an ongoing internal issue and now is taking a drag externally through other agencies that I filed with. This is not a matter of patience but a matter of multiple instances since 2015. More Recent since 2022.

(*Id.*) It is unclear to the undersigned what specific communication issues Byrd has experienced regarding this case. It does not appear her issues are with Court staff, as she cites "multiple instances since 2015," and her case was not removed to this Court until 2025. In any event, Byrd's motion does not identify a specific basis for a hearing. To the extent she seeks oral argument on any of her pending motions, such a motion is untimely, and she has not stated a reason why a hearing is warranted. *See* L.R. 4.02 ("Motions in civil cases shall be submitted and determined upon the memoranda without oral argument. . . . A party requesting the presentation of oral

3

argument or testimony in connection with a motion shall file such a request with its motion or memorandum briefly setting forth the reasons which warrant the hearing of oral argument or testimony."). The Court finds that it can resolve the pending motions without oral argument, and therefore, the motion to expedite an official court date is denied.

**Defendant's Motions**

### A. Motion to Strike

On May 23, 2025, Defendant filed a Motion to Strike ECF Nos. 12-17, all of Byrd's filings that followed Defendant's Reply (ECF Nos 18-19.) In support thereof, Defendant states that Local Rule 4.01 governing motions does not allow for motion briefing beyond the supporting brief, opposition, and a reply brief, and that Byrd filed her five sur-replies without leave of Court. For the reasons discussed above, Defendant's motion to strike is granted with respect to ECF Nos. 13-17. Defendant's motion is denied as to Byrd's motion to exceed 15 page limit for evidence at ECF No. 12. As discussed above, Byrd's motion to exceed page limit is denied, and the Court will not consider the attachments to the motion. However, the Court will not strike the motion from the record at this time.

### B. Motion to Dismiss or for More Definite Statement

#### i. Legal Standards

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may assert by motion that a pleading "fail[s]to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court

4

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "detailed factual allegations" are not required, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. When ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept as true all of the factual allegations in the complaint, but it need not accept the legal conclusions. *Iqbal*, 556 U.S. at 678. The Court must make "all reasonable inferences in favor of the nonmoving party." *Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019). Additionally, "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

A complaint filed by a self-represented plaintiff should be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks omitted). "[I]f the essence of an allegation is discernible ... then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quotation marks omitted).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (cleaned up). Courts examine the "well-pleaded facts alleged in the complaint...to determine whether the pleading party provided the necessary notice and thereby stated a claim." *Id.* (internal quotation omitted).

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading

5

to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable." *Turner v. Ferriero*, No. 4:22-CV-33 RLW, 2022 WL 13689791, at *2 (E.D. Mo. Oct. 21, 2022) (quoting *Tinder v. Lewis Cnty. Nursing Home Dist.*, 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001)).

### ii. Plaintiff's Factual Allegations

For purposes of the pending motion to dismiss, all facts alleged in the Petition are accepted as true and viewed in the light most favorable to Byrd. *See Waters v. Madson,* 921 F.3d 725, 734 (8th Cir. 2008).

Byrd's initial filings in this matter were filed in state court. Byrd's Petition is one page and contains a single paragraph of allegations. It states:

> DESCRIPTION: DISCRIMINATION, Harassment, Retaliation. Failure to adhere to promotion type. I am no longer a Letter Carrier/City Carrier. Haven't been for years. Form 50's hasn't been corrected as of arbitration date 1/09/2022. Refusal to pay as current Career Type. Refusal To place within Career Position. Tampering with Clock Rings which is grounds for termination. Refused to supply all CLOCK RINGS. DUTY PAY, OTHER PAY, FORCING OF CROSSING CRAFTS, which is a grievant matter for all crafts. FAILURE to remove falsified files from eOPF….. BACKPAY CHECK INCORRECT.

(ECF No. 3.)

### iii. Discussion

Defendant argues that Byrd's Petition is deficient for several reasons. First, Defendant argues that Byrd failed to include the Postmaster General as a defendant, and discrimination lawsuits against the USPS must be filed against the Postmaster General as a defendant. Second, Defendant argues that Byrd's service of process was defective, and the case should be dismissed based on improper service. Third, Defendant argues that Byrd failed to state a claim upon which

6

relief can be granted.

### *Failure to State a Claim or put Defendant on Notice of a Claim*

Defendant argues that to the extent Byrd brings a discrimination and/or retaliation and/or Fair Labor Standards Act ("FLSA") claim, she has failed to include factual allegations to make those claims. Additionally, Defendant notes that FLSA claims have a statute of limitations, and Byrd does not include sufficient allegations for a determination as to whether her claim is barred by said statute of limitations. Alternatively, Defendant moves for a more definite statement, arguing that Byrd's petition is conclusory and does not include factual allegations sufficient to put Defendant on notice as to what Byrd's claims are, or to indicate whether Byrd has exhausted her administrative remedies prior to filing her lawsuit.

The Court agrees that Byrd's Petition contains insufficient factual allegations to put Defendant on notice as to the claim or claims against it. The Petition fails to meet the basic pleading requirements of the Court. However, given the procedural posture of the case, the Court will allow Byrd an opportunity to amend. *See* Fed. R. Civ. P. 15(a)(2) (providing that a court should freely give leave to amend pleadings when justice so requires). Because Byrd will be given an opportunity to file an amended complaint, the Court only briefly addresses the merits of Defendant's arguments so that Byrd may incorporate additional information into her amended complaint to address the concerns and/or deficiencies discussed herein.

### *The Proper Defendant for Plaintiff's Claims*

Defendant argues that the only proper defendant in an employment discrimination lawsuit arising from employment with the USPS is the Postmaster General.

"The Postmaster General is the only properly named defendant in an employment discrimination suit against the Postal Service." *Morgan v. U.S. Postal Serv.*, 798 F.2d 1162, 1165

n.3 (8th Cir. 1986); *accord McGuinness v. U.S. Postal Serv.*, 744 F.2d 1318, 1322 (7th Cir. 1984) ("The only proper defendant in a Title VII suit is the head of the agency accused of having discriminated against the plaintiff."). The ADEA does not specify who must be named as a proper party defendant in an age discrimination case, but the ADEA federal-sector provision has been construed consistently with the Title VII provision to require that suit be brought against the Postmaster General. *Murillo v. Kittelson*, No. 8:19CV571, 2020 WL 3250231, at *4 (D. Neb. June 16, 2020).

The Court agrees that to the extent Byrd makes an employment discrimination claim, she must make that claim against the Postmaster General.

### *Sufficiency of Service of Process*

Defendant argues that because Byrd failed to serve the Attorney General of the United States, the United States Attorney's Office, or the Postmaster General pursuant to Federal Rule 4(i), Byrd's Petition should be dismissed without prejudice based on improper service. The undersigned finds that Defendant has not met its burden for a dismissal on this basis.

Federal Rule of Civil Procedure 4(i) governs service of the United States, its agencies, corporations, officers, or employees. The Rule states:

> **(1) *United States.*** To serve the United States, a party must:
>   **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>   **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>   **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>   **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
> **(2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.*** To serve a United States agency or corporation, or a United States officer or employee

8

sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

**(3) *Officer or Employee Sued Individually.*** To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i).

Defendant removed this case from Missouri state court. In a removed case, "the sufficiency of service of process prior to removal is determined by state law, and after removal, by federal law." *Barner v. Thompson/Center Arms Co.,* 796 F.3d 897, 900 (8th Cir. 2015) (internal citation omitted). No party addresses whether Byrd's service satisfied Missouri state court requirements. *See Webb v. GKN Aerospace N. Am., Inc.*, No. 4:22-CV-00289-SRC, 2022 WL 3576175, at *3 (E.D. Mo. Aug. 19, 2022) ("Missouri Supreme Court Rule 54 governs service of process for civil actions in Missouri circuit courts.").

Defendant has not established Byrd's service of process was defective under Missouri law. *Assuming arguendo* that Byrd's service was deficient, in a removed case, the 90-day time for service is measured from the date of removal, not the date of filing of the state law case. *See, e.g., Taylor v. Clark Equip. Co.*, No. 4:22-CV-00201-SRC, 2022 WL 1640372, at *6 (E.D. Mo. May 24, 2022) (collecting cases and stating, "Courts have consistently held that the 90-day period [for service under Rule 4(m)] runs from the date of removal, not the date the plaintiff filed the petition in state court."). This case was removed on March 31, 2025. Thus, under Rule 4(m), Byrd had until June 30, 2025 to obtain timely service, and the instant motion to dismiss dated April 30, 2025, was premature. Nevertheless, while the instant motion was pending, the deadline for timely service has expired. As discussed above, under Rule 4(m), "if a defendant is not served within 90 days

9

after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If a plaintiff fails to timely serve, the Court may extend the time for service rather than dismiss the case. *See Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010).

Defendant does not allege Byrd's service was improper under Missouri law and does not allege any prejudice resulted from Byrd's method of service. The Court declines to dismiss on this basis. *See Clayton v. United States Postal Serv.*, No. 4:23-CV-01186-SRC, 2024 WL 2183344, at *5 (E.D. Mo. May 15, 2024) (declining to dismiss complaint for improper service where "the Postal Service alleges no prejudice" and "considering [plaintiff's] mailing of the complaint to the United States Attorney General and an Assistant United States Attorney's appearance in this case, the Court finds the prejudice—if any—minimal."). Because Byrd will need to file an amended complaint naming the Postmaster General as a defendant, she will be given the chance to properly serve the Postmaster General. To the extent Byrd has separate claims for which USPS is an appropriate defendant and USPS wishes to raise a defective service of process argument in a future motion to dismiss the amended complaint, USPS must address whether Plaintiff's service of process in state court met the applicable state law requirements.

<u>*Plaintiff's Response to Defendant's Motion to Dismiss*</u>

Byrd is proceeding without the assistance of counsel, and while a *pro se* complaint should be liberally construed and held to less stringent standards than those drafted by an attorney, *Johnson v. Arden*, 614 F.3d 785, 798 (8th Cir. 2010), it must "specify the allegations in a manner that provides sufficient notice" to the defendant. *Whitehead v. City of St. Louis*, No. 4:09-CV-483 CDP, 2009 WL 4430699, at *1 (E.D. Mo. Nov. 24, 2009).

Byrd's response to the motion seemingly attempts to expand on her factual allegations and the legal sources of her claim or claims. She states that "[m]any attempts have been made to correct pay and position type" and "[m]any attempts have been made to address retaliation to the extent that a right to file were [sic] addressed and mailed to [Plaintiff]…" (ECF No. 10.) The response also references retaliation, harassment, and employment discrimination in violation of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and the Americans with Disabilities Act.[1] First, this information is not included in Byrd's Petition. Second, Byrd's statements in her response are insufficient to state a claim against Defendant. Byrd has failed to explain her alleged disability, how she was subjected to a hostile work environment/harassment at USPS (and whether this harassment was based on her race, age, color or disability), and what terms and conditions of her employment she believes were discriminated against at USPS, and how she believes she was retaliated against.

Byrd cannot merely attach documents to her filings and expect this Court to comb through attachments for supporting facts. Rather, Byrd is expected to set forth, clearly in her "Statement of Claim," the essential facts of her case, describing the conduct of Defendant under numbered paragraphs for each separate claim for relief. For this reason, Byrd will be required to amend her Complaint on a Court form. In setting forth the claims in her Amended Complaint, Byrd should consider the following.

## I.    Instructions for Filing an Amended Complaint

Pursuant to the Court's Local Rules, Plaintiff must use the Court's Employment Discrimination Complaint form as her First Amended Complaint, and should complete the form

---

[1]Byrd cannot assert a claim under the ADA because relief under the ADA is not available to federal employees. *See* 42 U.S.C. § 12111(5)(B)(i). A federal employee or applicant must pursue an employment disability claim under the Rehabilitation Act. *Lewis v. Johanns,* 180 Fed. Appx. 599, 601 (8th Cir. 2006).

11

in its entirety. In completing the Amended Complaint, Plaintiff must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. Her self-represented status does not excuse her from following the Federal Rules of Civil Procedure or the Local Rules of this Court. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852, 856-57 (8th Cir. 1996).

Rule 8 requires Plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct. Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002).

Rule 10(b) requires Plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Each count shall then set forth in separate, numbered paragraphs: 1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other right that Defendant violated; and 3) the relief Plaintiff seeks for the claim (for example, money damages or equitable relief). Plaintiff shall follow the same format with respect to each claim. In stating the facts of a claim, Plaintiff must describe the conduct she alleges is unlawful and the date(s) such conduct occurred, if known. In other words, Plaintiff must describe the adverse employment action(s) she believes was taken, when it was taken, why it amounted to discrimination or other unlawful conduct, and the basis for such discrimination or unlawful conduct.

The Court will direct the Clerk of Court to provide Plaintiff with an Employment Discrimination Complaint form, and Plaintiff will have thirty (30) days from the date of this Memorandum and Order to file an Amended Complaint on the form provided. The Amended

Complaint must be signed under penalty of perjury and completed in accordance with the instructions provided in the form as well as the instructions provided in this Memorandum and Order. **Plaintiff is cautioned that the filing of the Amended Complaint completely replaces all earlier filed pleadings in this action. Claims that are not realleged are deemed abandoned.** *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Similarly, the Court also notes that Plaintiff has filed several exhibits and attachments throughout the record, and these documents will not be considered a part of the amended complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted) (generally, on a Rule 12(b)(6) motion, a court may not consider matters outside the pleadings in assessing the sufficiency of a complaint).

## II.    Required Exhaustion of Administrative Remedies

"Before bringing discrimination claims, Title VII plaintiffs must exhaust available administrative remedies." *Bailey v. U.S. Postal Serv.*, 208 F.3d 652, 654 (8th Cir. 2000) (citing *Briley v. Carlin*, 172 F.3d 567, 571 (8th Cir. 1999)). For employees at federal agencies, such as USPS, exhaustion includes a consultation with a counselor at the Equal Employment Opportunity Commission ("EEOC"). 29 C.F.R. § 1614.105(a). Only the claims raised with the EEO counselor and "issues or claims like or related" to those raised are considered exhausted. *Patrick v. Henderson*, 255 F.3d 914, 915 (8th Cir. 2001) (citing 29 U.S.C. § 1614.105(b)(1)).

Although Plaintiff's Response to Notice of Removal indicates that "several EEO Complaints [] have been filed internally" and "[m]any attempts have been made to address retaliation to the extent that a right to file were [sic] addressed and mailed to (I), Stephanie Byrd from EEO Specialists…", Plaintiff's initial Petition does not provide this information. To the

13

extent Plaintiff included communication with the EEOC in her unexplained filings that were stricken from the Court's record, those filings are not considered part of her initial Petition, will not be considered part of her Amended Complaint, and are no longer a part of the Court's record. In completing her Amended Complaint on the Court's Employment Discrimination Complaint Form, Plaintiff should provide specific dates and information as required in the form and should attach a copy of her Notice of Right-to-Sue Letter to her Amended Complaint.

## III.    Minimum Pleading Requirements to State a Title VII Claim

Plaintiff alleges claims under Title VII which makes it unlawful for an employer to discriminate against an individual based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of Title VII discrimination, a plaintiff must show that she: (1) is a member of a protected class; (2) was meeting her employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of his protected class. *Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted).

Plaintiff's Petition in this matter fails to meet these requirements. The Petition does not allege membership of a protected class and does not specify the basis for discrimination. The Court cannot assume facts that are not alleged in the complaint. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). In addition, Plaintiff's allegations of disparate treatment are vague and confusing. The Petition is also is void of any allegations that similarly situated employees who were not members of her protected class were treated more favorably. Plaintiff's Amended Complaint must allege enough facts to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 679. Plaintiff must plead factual content which allows the Court to draw a reasonable inference that her employer is liable for misconduct. *Id.* at 678.

14

Title VII also makes it unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment. This language "is not limited to 'economic' or 'tangible' discrimination. The phrase 'terms, conditions, or privileges of employment' ... includes requiring people to work in a discriminatorily hostile or abusive environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks and citation omitted). To establish a prima facie case for hostile work environment, Plaintiff must show: (1) she belongs to a protected group; (2) she was subject to unwelcome harassment; (3) a causal nexus exists between the harassment and the protected group status; (4) the harassment affected a term, condition, or privilege of employment; and (5) her employer knew or should have known of the harassment and failed to take proper action. *Warmington v. Bd. of Regents of Univ. of Minnesota*, 998 F.3d 789, 799 (8th Cir. 2021). "At the pleading phase, the Court must determine whether the alleged harassment is 'severe or pervasive enough to create an objectively hostile or abusive work environment and the victim must subjectively believe [his] working conditions have been altered.'" *Id.* (quoting *Blomker v. Jewell,* 831 F.3d 1051, 1056 (8th Cir. 2016)). Plaintiff has failed to properly allege in her Petition how her work environment at USPS was abusive based on her protected status.

Plaintiff also appears to allege a Title VII retaliation claim. Title VII prohibits retaliation against an employee "because [s]he has opposed any practice made an unlawful employment practice by [Title VII], or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e–3(a). In this case, there are no factual allegations regarding any retaliatory behavior whatsoever. Although the Court must liberally construe self-represented Complaints, Plaintiff must plead enough factual allegations for her claims to be plausible. *See Iqbal*, 556 U.S. at 679.

15

Plaintiff is also reminded that the only proper defendant for her Title VII claims is the Postmaster General, not USPS. *See* 42 U.S.C. § 2000e-16(c) ("[T]he head of the department, agency, or unit, as appropriate, shall be the defendant."

## IV.    Minimum Pleading Requirements to State an ADEA Claim

To establish a prima facie case under the ADEA, a plaintiff must demonstrate she is a member of the protected class (over 40 years of age); she was qualified for the position; she suffered an adverse employment action; and similarly-situated employees outside the class were treated more favorably. *Anderson v. Durham, D&M, L.L.C.,* 606 F.3d 513, 523 (8th Cir. 2010) (internal citation omitted). Here, Plaintiff does not plead that she is over forty or demonstrate that she was qualified, suffered discrimination based on her age, and/or that similarly-situated employees under the age of forty were treated more favorably.

## V.    Minimum Pleading Requirements to State a Rehabilitation Act Claim

Congress enacted the Rehabilitation Act as a comprehensive federal program, similar to the ADA, meant to ensure that individuals with disabilities would not be denied benefits from or be subjected to discrimination under any program or activity that receives federal funding. *Argenyi v. Creighton Univ.,* 703 F.3d 441, 448 (8th Cir. 2013). A plaintiff must establish a prima facie case for discrimination under the Rehabilitation Act by showing that (1) she is disabled within the meaning of the Rehabilitation Act; (2) she is qualified (with or without reasonable accommodation) to perform the essential functions of a job; and (3) she suffered an adverse employment action because of the disability. *Heisler v. Metropolitan Council,* 339 F.3d 622, 626 (8th Cir. 2003) (analyzing an ADA claim). Byrd fails to plead allegations that identify any purported disability, her qualification, or an adverse employment action.

16

## VI.    Minimum Pleading Requirements to State an FLSA Claim

The FLSA establishes minimum standards for wages, hours, and employment conditions to safeguard workers from unfair labor practices. *See* 29 U.S.C. §§ 201–219. It imposes minimum-wage requirements, guarantees overtime pay for eligible employees who work more than 40 hours in a workweek, and prohibits retaliation against employees who assert their rights under the Act. *See id.* Under the anti-retaliation provision, an employer may not:

> discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3). To state an FLSA-retaliation claim, a plaintiff must "allege sufficient facts to indicate" that she engaged in a statutorily protected activity. *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011).

Here, Plaintiff's vague allegations regarding "tampering with clock rings," "duty pay," "other pay," and "backpay check incorrect" are insufficient to state an FLSA claim. To the extent Plaintiff attempts to state a claim regarding the amount of her pay, such as failure to pay her overtime compensation or minimum-wage compensation, there are insufficient allegations in the Petition to make such a claim. To the extent Plaintiff attempts to state a retaliation claim, the Petition does not allege Plaintiff made any complaint that falls within the FLSA's protections, nor does it allege with sufficient specificity the adverse employment action from Plaintiff's employer. Because the Court needs "more than labels and conclusions," Plaintiff's statements are inadequate for a facial showing of an FLSA claim. *Twombly*, 550 U.S. at 555.

In sum, Byrd must amend her petition to: (1) sufficiently state each of her claims in the Court's Employment Discrimination Complaint form; (2) attach and a copy of her Notice *of Right-*

17

to-Sue Letter; (3) name the United States Postmaster General[2] as a Defendant. Additionally, Byrd must serve a file-stamped summons and file-stamped amended complaint on any newly added defendants, including the Postmaster General, in accordance with the Federal Rules of Civil Procedure and file proof of such service. *See* Fed. R. Civ. P. 4(i).

**Finally, if Plaintiff fails to file an amended complaint on the Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice.**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave Exceed 15 Page Limit [ECF No. 12] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Expedite an Official Court Date [ECF No. 20] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike [ECF No. 18] is **GRANTED in part** and **DENIED in part.** Plaintiff's filings at ECF Nos. 13 through 17 are **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss or for a More Definite Statement [ECF No. 8] is **GRANTED in part** and **DENIED in part** as detailed above. Plaintiff shall file an Amended Complaint, within **thirty (30) days** of the date of this Order, on the Court-provided Employment Discrimination Complaint form in accordance with the instructions set forth in that form and in this Memorandum and Order. The Clerk of Court shall mail Plaintiff a blank Employment Discrimination Complaint form and three blank Summons forms.

**Failure to timely comply with this Order may result in the dismissal of this action**

---

[2] On July 15, 2025, David Steiner became the United States Postmaster General.

18

**without prejudice.**

Dated this 5th day of September, 2025.

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE

19