**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| STEPHANIE BYRD, | ) |
| | ) |
| Plaintiff, | ) |
| V | ) Case No.  4:25CV415RHH |
| | ) |
| UNITED STATES POSTAL SERVICE, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant David P. Steiner[1], Postmaster General, United States Postal Service, by and through his attorneys, Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Nicholas P. Llewellyn, Assistant United States Attorney for said District, hereby files his Answer to Plaintiff's Amended Complaint (Doc. 23), alleging discrimination based upon Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Rehabilitation Act of 1973, and while unclear, "Other" (See Doc. 23, Pg. 2, "Other").

**EMPLOYMENT DISCRIMINATION COMPLAINT**

Paragraph 1 of Plaintiff's Amended Complaint contains legal conclusions and a jurisdictional statement to which no answer is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 1.

2.      Paragraph 2 of Plaintiff's Amended Complaint contains Plaintiff's name and address to which no answer is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 2.

---

[1] David P. Steiner was appointed as Postmaster General in July, 2025.  He is the proper party for an employment complaint against the United States Postal Service.

3.      Paragraph 3 of Plaintiff's Amended Complaint is a party statement to which no answer is required; however, Defendant admits that David P. Steiner is the proper defendant for an employment discrimination complaint against the United States Postal Service.  To the extent further response is deemed necessary, Defendant denies the remaining allegations contained in Paragraph 3.

4.      Plaintiff left blank Paragraph 4 of her Amended Complaint.  Defendant denies that discrimination took place at any location.

5.       Plaintiff left blank Paragraph 5 of her Amended Complaint.  Defendant denies that discrimination took place at any time.

6.      Plaintiff left blank Paragraph 6 of her Amended Complaint.  Defendant is without knowledge or information sufficient to form a belief as to Paragraph 6 and, therefore, denies same.

7.      Defendant admits that Plaintiff filed charges of discrimination against the United States Postal Service.  Defendant denies any remaining allegations in Paragraph 7.

8.      Defendant admits that Plaintiff received a Right-to-Sue letter.

9.      Defendant is without knowledge or information sufficient to form a belief as to Paragraph 9 and, therefore, denies same.

10.     Paragraph 10 is Plaintiff's Nature of the Case to which a response is not necessary.  To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 10 and further denies Plaintiff complained about the same conduct in her charges of discrimination.

11.     Paragraph 11 is a statement of Plaintiff's bases for alleged discrimination, and Defendant denies that he discriminated against Plaintiff for these or any basis.

12.     In Paragraph 12, Plaintiff describes his claim as follows: "For the last 10 years I have been underpaid & worked out of my position type, failure to pay out FMLA hours when needed, failure to disburse annual leave, harassment, failure to reassign, failure to pay proper salary & benefits, back pay check incorrect as well". Defendant denies the allegations of Paragraph 12 and further denies that Plaintiff has exhausted all of her administrative remedies.

13.     Paragraph 13 is a statement by Plaintiff to which no answer is required; however, to the extent a response is deemed necessary, Defendant denies the allegations within Paragraph 13.

## REQUEST FOR RELIEF

14.     Defendant is not required to answer Plaintiff's Request for Relief, but to the extent a response is deemed necessary, Defendant denies the allegations within Plaintiff's Request for Relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to properly, timely, or fully exhaust her administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims fail because the employment decisions about which she complains were based on lawful and valid non-discriminatory factors, were not pretextual and were in full compliance with statutory and regulatory requirements.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

Plaintiff's alleged protected status was not a factor in any action taken by Defendant.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

If Plaintiff sustained damages resulting from Defendant's actions as alleged in her Amended Complaint, Defendant is not liable to the extent Plaintiff failed to mitigate her damages.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

Defendant made no decision, nor took any action, that was motivated by malice or reckless or conscious disregard of Plaintiff's statutorily protected rights.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are time-barred to the extent that she failed to present them to an Equal Employment Opportunity counselor within 45 days of the allegedly discriminatory conduct.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

Any actions of Defendant or his employees or agents acting within the scope of their duties or power were not the proximate cause of any alleged injuries or damages sustained by Plaintiff, and Defendant is not liable for any such alleged damages or injuries.

<u>NINTH AFFIRMATIVE DEFENSE</u>

Defendant denies all allegations in Plaintiff's Amended Complaint not expressly admitted.

<u>TENTH AFFIRMATIVE DEFENSE</u>

Plaintiff did not attach any Right to Sue letter to her Amended Complaint.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred to the extent they exceed the scope of her administrative complaint.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

Plaintiff cannot establish that employees outside her protected classes or who did not engage in protected conduct received more favorable treatment by USPS in circumstances nearly identical to Plaintiff's.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

Defendant exercised reasonable care to prevent and correct promptly any allegedly discriminatory, harassing, or retaliatory conduct.

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

Although Defendant denies that any action was taken against Plaintiff for any illegal or improper motive, for every action that Plaintiff complains was taken pursuant to an illegal motive, Defendant would have taken the same action irrespective of such alleged motive.

<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff cannot establish a *prima facie* case of discrimination. For example, no similarly-situated employees outside Plaintiff's protected classes were treated more favorably than Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and unclean hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting the claims set forth in the First Amended Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to compensatory damages, punitive damages, injunctive relief, equitable relief, pre-judgment interest, attorney's fees, or costs of suit.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant is not liable for any pre-existing, intervening, or superseding occurrences that caused, compounded, or created Plaintiff's alleged injuries.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant denies Plaintiff is entitled to recover any damages in connection with her alleged causes of action. If, however, damages are recovered, the amount of compensatory damages is limited to a maximum of $300,000.00 by the 1991 Amendments to Title VII. The cap on compensatory damages in an employment discrimination action applies to Plaintiff's First Amended Complaint as a whole, rather than individual claims.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant reserves the right to assert such other affirmative and/or additional defenses as may become known during the course of litigation.

WHEREFORE, having fully answered and responded to Plaintiff's Amended Complaint, Defendant respectfully requests that this Court dismiss Plaintiff's Amended Complaint, that judgment be entered against Plaintiff and in favor of Defendant, that Defendant be awarded his costs, and for any other relief the Court deems proper.

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney

/s/ Nicholas P. Llewellyn
NICHOLAS P. LLEWELLYN MO56872
Assistant United States Attorney
Thomas Eagleton U.S. Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200
Fax: (314) 539-2196
Email: Nicholas.llewellyn@usdoj.gov

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system, and mailed to

Stephanie Byrd
1335 Skoklo Way
Venice, IL  62090

*Self-Represented Plaintiff*

/s/ Nicholas P. Llewellyn
NICHOLAS P. LLEWELLYN