**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHANIE BYRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-415-RHH |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on *pro se* Plaintiff Stephanie Byrd's "Motion to Amend for Joinder of Parties."[1] (ECF No. 34.) Defendant has not filed a response, and the time to do so has passed.

The motion states that it is a "formal request and motion to joinder parties with the intent to gather all parties within the United States Postal Service who were individually responsible for the actions that took place prior to [this lawsuit]." (*Id.* at 1.) Plaintiff cites Federal Rules of Civil Procedure 18 and 20(a)(2) in requesting that twenty-four (24) individuals and entities be joined because they are "directly tied to multiple attempts of disciplinary action." (*Id.* at 2.)

Although leave to amend should be freely given "when justice so requires," parties do not have the automatic nor absolute right to do so. Fed. R. Civ. P. 15(a)(2); *U.S. ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005). The court may deny a motion for leave to amend if the amendment would be futile. *See Stricker v. Union Planters Bank,* 436 F.3d 875, 878 (8th Cir.2006); *City of Waukesha v. Viacom Int'l, Inc.,* 362 F.Supp.2d 1025, 1027 (E.D.Wis. 2005) (citing *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 7).

Plaintiff's motion is not a proper motion for leave to file a second amended complaint or to join a party. Plaintiff cannot simply add information to the current First Amended Complaint in piecemeal, but instead must follow proper procedures if she wishes to file a Second Amended Complaint. The Court's Local Rules require that a motion for leave to amend the operative complaint contain the proposed Second Amended Complaint as an attachment to the motion for leave to amend. E.D. Mo. L.R. 4.07 ("A proposed amendment to a pleading or amended pleading itself must be submitted at the time any motion for leave to amend any pleading is filed. All new material in the amended pleading must be underlined and all material being removed must be struck through. It is sufficient to underline the names of new parties the first place they appear in amended pleadings."); *see Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) (preserving the right to amend requires the submission of proposed amendments alongside a formal motion).

To the extent Plaintiff intends to move for leave to file a second amended complaint and join parties, Plaintiff must (1) file a proper motion that complies with Local Rules 4.01 and 4.07, and (2) attach her proposed Second Amended Complaint using the enclosed form in accordance with the following instructions.

## I.    Instructions for Filing an Amended Complaint

Pursuant to the Court's Local Rules, Plaintiff must use the Court's Employment Discrimination Complaint form as her proposed Second Amended Complaint, and should complete the form in its entirety. In completing the proposed Second Amended Complaint, Plaintiff must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. Her self-represented status does not excuse her from following the Federal Rules of Civil Procedure or the Local Rules of this Court. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852, 856-57 (8th Cir.

2

1996).

In the "Caption" section, Plaintiff must provide the case number as it appears in this Order, and list the full names of all individuals or entities she intends to sue.

Rule 8 requires Plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct. Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002).

Rule 10(b) requires Plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Each count shall then set forth in separate, numbered paragraphs: 1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other right that each defendant violated; and 3) the relief Plaintiff seeks for the claim (for example, money damages or equitable relief). Plaintiff shall follow the same format with respect to each claim against each defendant. Plaintiff must include a clear explanation of how each defendant's actions or omissions violated Plaintiff's rights. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). In stating the facts of a claim, Plaintiff must describe the conduct she alleges is unlawful and the date(s) such conduct occurred, if known. In other words, Plaintiff must describe the adverse employment action(s) she believes was taken, when it was taken, why it amounted to discrimination or other unlawful conduct, and the basis for such discrimination or unlawful conduct.

If Plaintiff names multiple defendants, she may only assert claims that (1) arise out of the

same transaction or occurrence, and (2) involve a common question of law or fact.  *See* Fed. R. Civ. P. 20(a)(2).  Unrelated claims against different defendants must be filed as separate lawsuits. However, if Plaintiff names only a single defendant, she may assert as many claims as she has against that single defendant.  *See* Fed. R. Civ. P. 18(a).

The Court will direct the Clerk of Court to provide Plaintiff with an Employment Discrimination Complaint form. Any proposed Second Amended Complaint must be signed under penalty of perjury and completed in accordance with the instructions provided in the form as well as the instructions provided in this Memorandum and Order. **Plaintiff is cautioned that if the Court grants leave to file a Second Amended Complaint, the Second Amended Complaint completely replaces all earlier filed pleadings in this action. Claims that are not realleged are deemed abandoned.** *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend for Joinder of Parties [ECF No. 34] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Plaintiff a blank Employment Discrimination Complaint form.

Dated this 16th day of April, 2026.

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE

4